E-FILED
Tuesday, 10 October, 2006  11:02:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY DAVIS-BEY,
    Plaintiff,

    vs.                      No. 03-1359

MICHAEL SPENCER, et. al.,
    Defendants

ORDER

This cause is before the court for consideration of the plaintiff's motion for leave to proceed in forma pauperis on appeal [d/e 50], motion for appointment of counsel on appeal [d/e 58] and motion for reconsideration of the May 26, 2006 Court Order denying plaintiff's motion to reconsider the final judgement in this case.[d/e 59]

The plaintiff's motion for appointment of counsel is denied. [d/e 58].  This court does not have jurisdiction over the plaintiff's appeal.

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the  plaintiff's appeal is taken in good faith.  "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review.  Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues.  *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

On May 26, 2006,  this court indicated that it doubted whether plaintiff's appeal was taken in good faith.  The plaintiff was directed to submit a brief stating his grounds for appealing the March 21, 2006 Court Order dismissing this case in order to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999).  The plaintiff then filed a motion asking for additional time to file his brief, which was granted.  However, more than two months have passed since the revised deadline and the plaintiff has still not filed a brief stating his grounds for appealing the court's March 21, 2006 order.  Instead, the plaintiff has filed another motion to reconsider, but this time the plaintiff is focused on the May 26, 2006 Court Order. Therefore, the court will consider the plaintiff's motion to proceed in forma pauperis on appeal without further input from the plaintiff.

The plaintiff's case was dismissed because he was challenging three disciplinary tickets that he claimed were false and written as retaliatory measures.   The plaintiff lost good time credits

1

as a result of the tickets and had not demonstrated that any of the decisions had been overturned. Therefore, his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

Since the court has not been able to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $455 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

MOTION TO RECONSIDER

The plaintiff has also filed a motion to reconsider the May 26, 2006 court order which denied plaintiff's motion to reconsider the order dismissing his case, denied his motion for appointment of counsel and directed him to file a brief stating his grounds of appeal. [d/e 59]

First, it appears the plaintiff believes his motion to proceed in forma pauperis was denied and that the district court has no business considering his reasons for appealing. The plaintiff is incorrect. The district court must simply determine whether the plaintiff's appeal is taken in good faith as explained in the order.

Next, the plaintiff says his motion to reconsider should have been granted because he has newly discovered evidence of retaliation. Again, the plaintiff was challenging disciplinary hearings and failed to demonstrate that those hearings had been overturned. The plaintiff's amended complaint alleged that Defendant Spencer retaliated against the plaintiff because the plaintiff wrote a grievance against him. The plaintiff stated that the defendant retaliated against him by writing three false disciplinary tickets. The plaintiff was found guilty of each ticket and lost good time credit for each ticket. The plaintiff cannot file a federal lawsuit on the basis of these tickets without first overturning the guilty findings. The plaintiff's motion for reconsideration is denied.

2

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is denied. [d/e 58].  The court has no jurisdiction over the plaintiff's appeal.**

**2) The plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 50]. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order.   The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.**

**3) The plaintiff's motion for reconsideration of the May 26, 2006 Court Order is denied. [d/e 59]**

Entered this __10th_____ day of October, 2006.

s\Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE